**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN JOSEPH DOYLE,

      Appellant,

      v.

DEPARTMENT OF THE NAVY,

      Agency.

DOCKET NUMBER
DC-3330-14-0919-I-2

DATE: February 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Joseph Doyle, Quincy, Massachusetts, pro se.

Emilia Muche Thompson, Esquire, Newport, Rhode Island, for the agency.

Melanie A. Andrews, Esquire, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review of the initial decision, which granted the appellant's request for corrective action in connection with his Veterans Employment Opportunities Act (VEOA) appeal. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant is a 10-point preference eligible who was, at all times relevant to this appeal, employed by the agency as a GS-14 Human Resources Specialist (Labor Employee Relations) in Washington, D.C. He applied under an agency announcement advertised on USAJOBS for the position of Administrative/Technical Specialist, NT-05, in Newport, Rhode Island. *Doyle v. Department of the Navy*, MSPB Docket No. DC-3330-14-0919-I-2, Appeal File (I-2 AF), Tab 3 at 22-25. The announcement, open March 19-21, 2014, stated that the position was subject to the Department of Defense Priority Placement Program and that eligibility was limited to "ICTAP eligibles." *Id.* at 22. ICTAP, or the Interagency Career Transition Assistance Program, "provides eligible displaced Federal employees with interagency selection priority for vacancies in agencies that are filling positions from outside their respective permanent competitive service workforces." 5 C.F.R. § 330.701. The agency rated the

appellant ineligible for the position on the basis that he was "not within the Area of Consideration as specified in the vacancy announcement"; that is, he was not eligible for priority placement under ICTAP. *Doyle v. Department of the Navy*, MSPB Docket No. DC-3330-14-0919-I-1, Initial Appeal File (IAF), Tab 10 at 9. After determining that no ICTAP-eligible employees had applied, the agency transferred a Department of the Interior employee, also a 10-point preference eligible, who previously had held the position at issue. I-2 AF, Tab 3 at 3-6, 26; Tab 4 at 4-5. Under these circumstances, the agency had the discretion to, and did, transfer the employee to the position without competition. 5 C.F.R. § 335.103(c)(3)(v); I-2 AF, Tab 3 at 26.

¶3    The appellant filed a complaint with the Department of Labor (DOL) alleging that the agency had violated his right to compete under VEOA. IAF, Tab 1 at 10-12. Although determining that it "had merit," DOL advised the appellant that it was unable to resolve the complaint, *id.* at 14, prompting him to file the instant Board appeal and to request a hearing, *id.* at 2. The administrative judge determined that the appellant had established the Board's jurisdiction over the appeal, IAF, Tab 13 at 3-5, and the appellant subsequently withdrew his request for a hearing,[2] IAF, Tab 18 at 2. The administrative judge set a date for the close of the record, I-2 AF, Tab 2, and both parties submitted additional evidence and argument, I-2 AF, Tabs 3-6.

¶4    In an initial decision based on the written record, the administrative judge found that, in posting an announcement open to ICTAP eligibles, the agency signaled that it would accept applications from individuals outside its own workforce and that it was therefore required to accept applications from

---

[2] The appeal was thereafter dismissed without prejudice to allow the parties additional time to file evidence and argument. IAF, Tab 19, Initial Decision. The appeal was then automatically refiled, I-2 AF, Tab 2, and adjudication continued.

preference eligibles or qualifying veterans under [5 U.S.C. § 3304](f)(1)[3] and evaluate those applications under merit promotion procedures. I-2 AF, Tab 7, Initial Decision (ID) at 3-11. The administrative judge further found, based on Board precedent, that the agency's decision to invoke its transfer authority does not negate the right of a preference eligible or covered veteran to compete under section 3304(f)(1). *Montgomery v. Department of Health & Human Services*, [123 M.S.P.R. 216](), ¶ 7 (2016); ID at 10-11. Accordingly, the administrative judge granted the appellant's request for corrective action, ID at 1, 11, acknowledging that, while the appellant may not ultimately be deemed the best qualified for the vacancy at issue, he must be afforded fair consideration, ID at 11.

¶5 The agency has filed a petition for review. *Doyle v. Department of the Navy*, MSPB Docket No. DC-3330-14-0919-I-2, Petition for Review (PFR) File, Tab 3. The appellant has responded, PFR File, Tab 6, and the agency has replied to that response, PFR File, Tab 8.

## ANALYSIS

¶6 On review, the agency argues that the initial decision is inconsistent with the September 12, 1995 Presidential Memorandum on Career Transition Assistance for Federal Employees. PFR File, Tab 3 at 8-15. Among other things, the agency argues that the Memorandum provided that it did not "create any right or benefit, substantive or procedural, enforceable by a party against the United States," or its agencies. *Id.* at 9; Memorandum on Career Transition Assistance for Federal Employees, 1995 Pub. Papers 1354 (Sept. 12, 1995). The agency also notes that the Memorandum has the same force and effect as an executive order and has not been revoked or modified by any subsequent president or by

---

[3] Pursuant to [5 U.S.C. § 3304](f)(1),"[p]reference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its workforce under merit promotion procedures."

Congress, and therefore it cannot be overridden by VEOA. PFR File, Tab 3 at 10-15. The Memorandum directed the Office of Personnel Management (OPM) to promulgate implementing regulations.

¶7        Although this case was thoroughly briefed by the parties below, the agency only once referred to the Presidential Memorandum, I-2 AF, Tab 6 at 5, and did not submit it or argue, as it attempts to now, the intent of the Memorandum, or its legal force and effect and relative standing vis-à-vis veterans' preference rights and the VEOA statute. Nor did the agency address any of its specific language. It is well settled that the Board ordinarily will not consider an argument raised for the first time on petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 19 n.12 (2016); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In the instant case, the agency has offered no explanation for its failure to raise the 1995 Presidential Memorandum. In any event, the appellant is not attempting to assert his rights under ICTAP; he is asserting his rights under VEOA and the Veterans' Benefits Improvement Act of 2004.

¶8        The agency also argues that, in finding that the right to compete under VEOA applies in this situation, the administrative judge improperly deferred to OPM's interpretation of 5 U.S.C. § 3304(f)(1) as set forth in 5 C.F.R. § 335.106. PFR File, Tab 3 at 15-18. The agency contends that the interpretation "creates an unreasonable accommodation of the two governmental interests [those of displaced agency employees and those of preference eligibles and certain veterans] that cannot be enforced." *Id.* at 17.

¶9        As noted, 5 U.S.C. § 3304(f)(1) provides that preference eligibles and certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." However, 5 C.F.R. § 335.106 provides that such individuals "may compete for

vacancies under merit promotion when an agency accepts applications from individuals outside its own workforce." As the administrative judge found, the Board considered this difference in language in *Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶¶ 10-13 (2006); ID at 7-8. There, the Board found that it was appropriate to defer to OPM's interpretation of the statute, which was neither unreasonable nor illogical, and concluded, therefore, that the phrase "under merit promotion procedures" in section 3304(f)(1) should be regarded as modifying the verb "to compete" such that veterans must be permitted to compete for a position under merit promotion procedures when, as here, the agency is accepting applications from outside candidates. *Brandt*, 103 M.S.P.R. 671, ¶¶ 12-13; ID at 7-8. Although the agency disagrees with the Board's interpretation, suggesting other regulations to which the Board has not deferred, PFR File, Tab 3 at 18-20, the *Brandt* decision addresses the regulation at issue here in a precedential decision. As valid Board precedent, the administrative judge properly relied on the decision in *Brandt*, and the agency has not set forth a basis to disturb that decision. 5 C.F.R. § 1201.117(c)(1).

¶10     The agency also argues that the administrative judge improperly considered language from OPM's *VetGuide*, which specifically states that agencies are required to allow VEOA eligibles to apply for vacancies open to ICTAP candidates only. PFR File, Tab 3 at 15, 19-21. In considering the weight to be afforded that issuance, the administrative judge found, based on Board precedent, that, although the *VetGuide* is not entitled to the deference accorded to regulations, positions expressed in it may be entitled to some weight, depending in part on factors such as the consistency of OPM's position, its formality, and its persuasiveness. ID at 8-9; *Durand v. Environmental Protection Agency*, 106 M.S.P.R. 533, ¶ 14 (2007); *Brandt*, 103 M.S.P.R. 671, ¶ 14. Applying these factors, the administrative judge found no instance in which OPM has taken a contrary position regarding the rights of preference eligibles or certain veterans to compete for a vacancy open to ICTAP eligibles only; that the *VetGuide* "consists

of a formal document, prepared for publication—and in fact published—on the internet, with the apparent expectation that it would be relied on by agencies, employees, prospective employees, and other interested members of the public," *Brandt*, 103 M.S.P.R. 671, ¶ 15; and that OPM's interpretation of 5 C.F.R. § 335.106 is reasonable. ID at 8-9. On this basis, the administrative judge afforded deference to the position taken by OPM in the *VetGuide*. ID at 8-9. Although the agency argues against this deference, it has not, on review, challenged the administrative judge's application of these factors.

## ORDER

¶11 We ORDER the agency to reconstruct the hiring for the NT-05 Administrative/Technical Specialist position at the Naval Undersea Warfare Center Division, Newport, Rhode Island, consistent with the right to consideration requirement set forth at 5 U.S.C. § 3304(f)(1). The Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶13 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶14      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) 5 C.F.R. § 1201.113(c).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), section 3330c(b).  The regulations may be found at 5 C.F.R. §§ 1201.202, 1201.203, and 1208.25.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR
## RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights.  5 U.S.C. 3330c(a); 5 C.F.R. § 1208.25(a).  If you are entitled to such compensation, and the violation is found to be willful, the Board has authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. 3330c(a); 5 C.F.R. § 1208.25(a).  You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision in your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.